IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DEBORAH L. DUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-4272-SSA-CV-C-MJW |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Deborah L. Dunn seeks judicial review[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on May 11, 2015. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Here, the ALJ's decision dated May 6, 2011, was vacated and remanded by the Social Security Administration's Appeals Council (AC). In their Order, the AC gave directives which this Court does not find were complied with in the ALJ decision that followed. Because the Court concludes that the ALJ's decision is not supported by substantial evidence in the record as a whole, this was reversible error, and remand is appropriate. Cf. Sanders v. Astrue, 2013 WL 1282330 (E.D. Mo. Feb. 8, 2013) (citing Rogers v. Astrue, 2008 WL 850131 (E.D. Cal. 2008) for the proposition that the ALJ's "failure to adhere strictly to" the Appeals Council's remand order is not reversible error where substantial evidence supported the ALJ's decision on remand).

While a record may support differing conclusions, upon review of the complete record in this case, this Court finds that the administrative record is not sufficiently developed to make a determination as to plaintiff's disability. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). This case is therefore remanded for further development of the evidence by the Commissioner consistent with the previous remand Order of the Appeals Council dated April 27, 2012. The Commissioner is ordered to give further consideration to the claimant's maximum

2

residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations.  The Commissioner is ordered to give further consideration to the treating source opinions from Elaine Boyd, APRN, and the treatment notes in support of such opinions and explain the weight given to such opinion evidence with more specificity in the rationale.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded pursuant to Sentence 4 for further consideration and development of the record as set forth herein.

Dated this 14th day of May, 2015, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge